UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MATTHEW COMESANA**, *individually and on behalf of others similarly situated*,<br><br>        **Plaintiff**,<br><br>   - against -<br><br>**TUMMINELLO PLUMBING & HEATING, INC.** and **MICHAEL TUMMINELLO**,<br><br>        **Defendants.** | **COMPLAINT**<br><br>**CASE NO.:**<br><br>**JURY TRIAL DEMANDED** |

   **MATTHEW COMESANA**, (hereafter "Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, **ZABELL & ASSOCIATES, P.C.**, upon information and belief, and as against **TUMMINELLO PLUMBING & HEATING, INC. and MICHAEL TUMMINELLO**, alleges as follows:

### <u>NATURE OF THE ACTION</u>

1. Defendants own, operate or control a plumbing and heating service company located at 3591 Bayview Street, Seaford, NY 11783, operating under the trade name "Tumminello Plumbing & Heating."

2. Upon information and belief, Defendant Michael Tumminello ("Individual Defendant") serves or served as owner, manager, principal or agent of Tumminello Plubing & Heating, Inc. ("Corporate Defendant").

3. Plaintiff is a former employee of Defendants. He was employed as a service technician.

4. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 (forty) hours per week, without being paid a premium for all hours worked above 40 (forty) per week.

1

5. Rather, Defendants failed to maintain accurate recordkeeping of their hours worked, failed to pay Plaintiff appropriately for any hours worked over 40 (forty), either at the straight rate of pay, or for any additional overtime premium.

6. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff and other employees to work without providing overtime compensation required by federal and state law and regulations.

7. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff to work without providing overtime compensation required by federal and state law and regulations.

8. Plaintiff now brings this action on behalf of himself, and other similarly situated individuals, seeking recovery of overtime compensation pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 215 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, back pay, front pay, attorneys' fees and costs.

9. Plaintiff seeks certification of this action as a collective action on behalf of himself individually and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

11. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district. The Defendants maintain their corporate headquarters and principal place of business in Nassau County, and Defendant Tumminello, upon information and belief, resides in Nassau County. Further, Plaintiff was employed by Defendants in this district.

## THE PARTIES

12. Plaintiff Matthew Comesana is an adult individual residing in Nassau County, New York.

13. Plaintiff Comesana was employed by Defendants for three (3) separate time periods: first, from at or around May 11, 2015, to at or around June 7, 2015; second, from at or around September 28, 2015 to at or around May 3, 2016; and third, from at or around September 19, 2016 to at or around March 24, 2017.

14. Throughout his employment with Defendants, Plaintiff Comesana worked as a service technician, installing and/or servicing plumbing systems and various heating systems.

15. Defendants own and operate a plumbing and heating service business located at 3591 Bayview Street, Seaford, NY 11783, with a listed service address of 3607 Bayview Street, Seaford, NY 11783.

16. Defendant Tumminello is, or was at all relevant times herein, the owner and operator of Corporate Defendant.

## COLLECTIVE ALLEGATIONS

17. Plaintiff brings his FLSA overtime and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, on or after the date that is three (3) years before the

filing of the Complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

18. At all relevant times, Plaintiff, and other members of the FLSA Class, who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at the proper wage rate and willfully failing to keep accurate records as required by the FLSA.

19. The claims of Plaintiffs stated herein are similar to those of the other employees.

20. Individual Defendant Michael Tumminello possesses or possessed operational control over Corporate Defendant, possesses or possessed an ownership interest in Corporate Defendant, and controls or controlled significant functions of Corporate Defendant.

21. Defendants possess or possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein, and maintained the power to hire and/or fire Plaintiff.

22. Defendants employ or employed Plaintiff, and all similarly situated individuals, and are or were Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

23. Upon information and belief, Individual Defendant operated or operates Defendant Corporation as either alter egos of himself, and/or failed to operate Defendant Corporation as entities legally separate and apart from himself by, among other things:

   a. failing to adhere to the corporate requirements necessary to operate Defendant Corporation as a corporation;

b. defectively forming or maintaining Defendant Corporation by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records;

c. transferring assets and debts freely as between all Defendants;

d. operating Defendant Corporation for his own benefit as the sole or majority shareholder;

e. operating Defendant Corporation for his own benefit and maintaining control over the corporations as a closed corporation;

f. intermingling assets and debts of his own with Defendant Corporation and diminishing and/or transferring assets to avoid full liability as necessary to protect his own interests; and,

g. other actions evincing a failure to adhere to the corporate form.

24. Upon information and belief, in each year from 2014 to the present, Corporate Defendant had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

25. Upon information and belief, Defendants were directly engaged in interstate commerce. As an example, numerous appliances, tools, fixtures, maintenance materials, and products used in Defendants' business on a daily basis were goods produced and/or manufactured outside of the State of New York.

26. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring the Plaintiff and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate overtime compensation as required by federal and state laws.

27. Defendant Tumminello was aware of the wrongfulness of his actions. No employee was paid for their time working between 7:30 a.m. and 8 a.m., a period of time Defendant Tumminello jokingly referred to as his "*gratis* time."

28. Employees were generally scheduled to work for a period from 8 a.m. through 4:30 p.m., Monday through Friday.

29. Employees frequently were required to stay later than 4:30 p.m.

30. The 7:30 a.m. through 8 a.m. time period, Defendants' "*gratis* time," was never compensated for any employee, and would have constituted overtime hours worked in excess of forty (40) per week.

31. The time employees worked past 4:30 p.m. was never recorded nor compensated, and would have constituted overtime hours worked in excess of forty (40) per week.

32. Defendants have engaged in its unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

33. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff and other similarly situated current and former employees.

34. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

35. Defendants did not provide Plaintiff, or those similarly situated, with statutorily required accurate wage and hour records or accurate statements of their pay received.

36. Upon information and belief, Defendants practices were done willfully to avoid paying Plaintiff (and similarly situated individuals) properly for their full hours worked.

## INDIVIDUAL ALLEGATIONS

37. Plaintiff is a former employee of the Defendants who was employed as a service technician.

38. Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

39. Plaintiff was employed by the Defendants during three (3) separate tenures, as set forth in ¶ 13 of this Complaint.

40. Throughout his employment with Defendants, Plaintiff was assigned to Defendants' Seaford location.

41. Plaintiff regularly handled goods in interstate commerce, such as cleaning fluids, maintenance equipment, and other supplies produced outside the State of New York.

42. Plaintiff's work duties required neither discretion, nor independent judgment.

43. Throughout his employment with Defendants, Plaintiff regularly worked in excess of 40 hours per week.

44. During each of Plaintiff's tenures, Plaintiff worked from approximately 7:30 a.m. until 4:30 p.m., five (5) days a week (typically 45 (forty-five) hours per week).

45. At least two (2) days a week, throughout his employment with Defendants, Plaintiff would work until between 5:30 p.m. and 6 p.m., an additional two (2) to three (3) hours per week.

46. Throughout his employment with Defendants, Plaintiff was paid his wages *via* cash.

47. Throughout his employment with Defendants, Plaintiff was paid an hourly wage. When Plaintiff commenced employment with Defendants, he was paid $16 (sixteen dollars) per hour.

48. During Plaintiff's second tenure with Defendants, commencing in September, 2015, his hourly rate increased to $18 (eighteen dollars) per hour.

49. During Plaintiff's third tenure with Defendants, commencing in September, 2016, his hourly rate increased to $23 (twenty-three dollars) per hour. In or around December, 2016, Plaintiff's

rate of pay increased to $25 (twenty-five dollars) per hour. Plintiff's rate of pay remained $25 (twenty-five dollars) per hour until his termination on or around March 24, 2017.

50. Defendants did not provide Plaintiff Comesana with an accurate statement of wages; specifically, Defendants failed to enumerate accurate straight time and overtime hours worked, with each payment of wages, as required by NYLL 195(3).

51. Defendants did not provide Plaintiff Comesana with a notice required under NYLL § 195(1) at his time of hire, or anytime thereafter, during each of Plaintiff's three (3) tenures with Defendants.

52. At no point during Plaintiff's employment with Defendants was he properly compensated for his true number of hours worked, nor was he at any time provided with accurate pay stubs reflecting his true number of hours worked.

53. In addition to Plaintiff's work described above, he also served as an "on-call" technician during off-hours.

54. Such service calls were paid on a per-job basis. Defendants subtracted the cost of materials and split the profits from these calls with Plaintiff.

55. Plaintiff was paid for these on-call jobs in cash, separate and apart from his regular paycheck.

56. At some point, Defendants implemented a $25 (twenty-five dollar) fee for gas and use of company vehicle on these calls, which would be deducted from any split of profit with Plaintiff.

57. Further, Defendant inflated the cost of materials (up to 300% of actual cost), in order to compensate Plaintiff less for these on-call jobs.

58. In March of 2017, Plaintiff performed an "on-call" job for Defendants, in which he performed service for a customer. At a later date, this customer requested a refund from Defendants related to a replacement part used in the service. This return was in no way due to error on the

part of Plaintiff – the return was based upon the color of the replacement part used (and approved, at the time of installation, by the customer).

59. The following pay period, Defendants unlawfully deducted $200 (two hundred dollars) from Plaintiff's wages.

60. Plaintiff did not authorize, in writing or otherwise, such a deduction from his wages. Such unlawful deduction was not for the benefit of Plaintiff.

61. Defendants informed Plaintiff he should treat this deduction as "a lesson."

62. Plaintiff lawfully complained to Defendant Tumminello that he did not believe such a deduction was lawful.

63. In retaliation, during the same conversation as ¶ 62 of this Complaint, Defendants immediately terminated Plaintiff's employment.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

64. Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

65. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

66. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

67. Defendants, in violation of the FLSA, failed to pay Plaintiff and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207(a)(1).

68. Defendants' failure to pay Plaintiff and the FLSA Class members overtime compensation was provably willful within the meaning of 29 U.S.C. § 255(a).

69. Plaintiff and the FLSA class members have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW)

70. Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

71. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rates and methods of any compensation in exchange for his employment.

72. Defendants, in violation of the NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

73. Defendants' failure to pay Plaintiff overtime compensation was provably willful within the meaning of NYLL § 663.

74. Plaintiff has been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

75. Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

76. Defendants failed to provide Plaintiff with notice pursuant to NYLL § 195(1), and failed to obtain from Plaintiff, at the time of hiring and on or before February 1 of each subsequent year,

a signed and dated acknowledgment establishing Plaintiff received a NYLL § 195(1) statement, all in violation of NYLL § 195(1).

77. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

78. Plaintiff repeats and re-alleges all paragraphs above as though set forth fully herein.

79. Defendants did not provide Plaintiff with accurate wage statements upon each payment of wages, as required by NYLL 195(3).

80. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE UNLAWFUL DEDUCTION PROVISIONS OF THE NEW YORK LABOR LAW)

81. Plaintiff repeats and re-alleges all paragraphs above as though set forth fully herein.

82. Defendants deducted $200 (two hundred dollars) from Plaintiff's earned wages as a "lesson" after Defendant processed a return for a customer.

83. This deduction was in violation of New York Labor Law § 193.

84. This deduction is not within the recognized exceptions to New York Labor Law § 193.

85. Plaintiff has been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE RETALIATION PROVISIONS OF THE NEW YORK LABOR LAW)

86. Plaintiff repeats and re-alleges all paragraphs above as though set forth fully herein.

87. On or around March 24, 2017, Plaintiff lawfully complained to Defendant Tumminello regarding the unlawful deduction of his wages as set forth in ¶ 78-82 herein.

88. Defendants immediately terminated Plaintiff's employment as retaliation for Plaintiff's statutorily protected complaint, in direct violation of New York Labor Law § 215(1)(a).

89. Notice of this action has been served upon the Attorney General at the commencement of this action, in satisfaction of NYLL § 215(2)(b).

90. As a direct and proximate result of the unlawful and retaliatory conduct by Defendants in violation of the New York Labor Law § 215, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

91. As a direct and proximate result of the unlawful and retaliatory conduct by Defendants in violation of the New York Labor Law § 215, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

92. The unlawful and retaliatory conduct by Defendants in violation of the New York Labor Law § 215 was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff, warranting an award of punitive and/or liquidated damages against Defendants.

93. Plaintiff has been damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
## (CONVERSION)

94. Plaintiff repeats and re-alleges all paragraphs above as though set forth fully herein.

95. Defendants' unlawful deduction from Plaintiff's earned wages, and Defendants' failure to properly compensate Plaintiff for his overtime hours worked, constituted wrongful interference with the rights of Plaintiff to his immediate possession of the full amount of his earned wages.

96. As a direct result of Defendants' unlawful conversion of Plaintiff's earned wages to which he was entitled to immediate possession, Plaintiff has suffered, and continues to suffer, substantial economic damages.

97. Defendants' unlawful conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff, warranting an award of punitive damages against Defendants.

98. Plaintiff has been damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
## (UNJUST ENRICHMENT; PLEAD IN THE ALTERNATIVE)

99. Plaintiff repeats and re-alleges all paragraphs above as though set forth fully herein.

100. Defendants' unlawful deduction from Plaintiff's earned wages, and Defendants' failure to properly compensate Plaintiff for his overtime hours worked, unjustly enriched Defendants to the detriment of Plaintiff.

101. Plaintiff has been damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully request that this Court enter judgment against Defendants:

    (a)  Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

    (b)  Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff (including the prospective collective class members);

    (c)  Declaring that the Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

    (d)  Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff (including the prospective collective class members);

    (e)  Awarding Plaintiff (including the prospective collective class members) damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

    (f)  Awarding Plaintiff (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Enjoining the Defendants from further acts in violation of the FLSA and NYLL;

(h) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(i) Declaring that the Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff;

(k) Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the NYLL, as applicable;

(l) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n) Awarding Plaintiff (including the prospective collective class members) prejudgment and post-judgment interest as applicable;

(o) Awarding Plaintiff (including the prospective collective class members) the expenses incurred in this action, including costs and attorney's fees;

(p) Awarding Plaintiff any and all further classes of damages, including consequential and punitive damages to the extent allowable by statute and common law;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is

then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

Dated: Bohemia, New York
May 5, 2017

ZABELL & ASSOCIATES, PC
*Attorneys for Plaintiff*

By: _____

Saul D. Zabell, Esq.
Daniel A. Johnston, Esq.
ZABELL & ASSOCIATES, P.C.
1 Corporate Drive, Suite 103
Bohemia, NY 11716
Tel. (631) 589-7242
Fax (631) 563-7475
SZabell@laborlawsny.com